IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BARBARA E. AMICK, and
ELDON AMICK, her husband,

      Plaintiffs,

v.

      Civil Action No: 2:13-6593

OHIO POWER COMPANY, et al

      Defendants.

## ANSWER OF DEFENDANT OHIO POWER COMPANY TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

Now comes Ohio Power Company ("OPC"), by counsel, and for its response to the numbered paragraphs of the Fifth Amended Complaint states as follows:

1. OPC admits that plaintiffs Barbara E. Amick and Eldon Amick are citizens and residents of the State of Florida. OPC is without knowledge or information sufficient to form a belief as to the truth of the allegations as to Barbara E. Amick being diagnosed with malignant mesothelioma. OPC denies all other allegations contained in paragraph 1 of the Fifth Amended Complaint.

2. OPC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Fifth Amended Complaint.

3. In response to paragraph 3, OPC admits that it is incorporated in a state other than West Virginia and has its principal place of business in a state other than West Virginia. OPC denies any and all other allegations contained in paragraph 3 of the Fifth Amended Complaint that are directed to it.

4-7. OPC denies the allegations contained in paragraphs 4 through 7 of the Fifth Amended Complaint that are directed to it.

1

8. OPC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Fifth Amended Complaint.

## COUNT I

9. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 8 above.

10-15. OPC denies the allegations contained in paragraphs 10 through 15 of the Fifth Amended Complaint that are directed to it.

## COUNT II

16. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 15 above.

17-19. OPC denies the allegations contained in paragraphs 17 through 19 of the Fifth Amended Complaint that are directed to it.

## COUNT III

20. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 19 above.

21-22. OPC denies the allegations contained in paragraphs 21 and 22 of the Fifth Amended Complaint that are directed to it.

## COUNT IV

23. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 22 above.

24-25. OPC denies the allegations contained in paragraphs 24 and 25 of the Fifth Amended Complaint that are directed to it.

## COUNT V

26. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 25 above.

27-28. OPC denies the allegations contained in paragraphs 27 and 28 of the Fifth Amended Complaint that are directed to it.

## COUNT VI

29. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 28 above.

30-31. OPC denies the allegations contained in paragraphs 30 and 31 of the Fifth Amended Complaint that are directed to it.

## COUNT VII

32. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 31 above.

33-38. OPC denies the allegations contained in paragraphs 33 through 38 of the Fifth Amended Complaint that are directed to it.

## COUNT VIII

39. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 38 above.

40-41. OPC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 40 and 41 of the Fifth Amended Complaint.

## COUNT VIX

42. OPC asserts as if specifically set forth herein its responses to paragraphs 1 through 41 above.

43-48. OPC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 43 through 48 of the Fifth Amended Complaint.

49. OPC denies the allegations contained in paragraph 49 of the Fifth Amended Complaint.

50. OPC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Fifth Amended Complaint to the extent directed to other named entities and/or parties.

51. OPC denies any and all allegations that may be contained in the Fifth Amended Complaint unless expressly admitted herein.

## FIRST DEFENSE

The Fifth Amended Complaint is not a model of clarity so as to put defendant on notice as to the claims asserted against it. However, under applicable Ohio law the Fifth Amended Complaint fails to state a claim for which relief can be granted as no claim exists under Ohio Law against OPC. Additionally, OPC has never manufactured any asbestos containing product and therefore any claim associated with the allegation of it being an "asbestos defendant" fails to state a claim for which relief can be granted and should be dismissed.

## SECOND DEFENSE

West Virginia Statutes and case law do not permit jurisdiction over OPC in this action and therefore this Court lacks personal jurisdiction over OPC and therefore defendant should be dismissed pursuant to Rule 12(b)(2).

## THIRD DEFENSE

The Fifth Amended Complaint fails to state a claim against defendant upon which relief can be granted as Ohio law applies to this action and does recognize a claim against the premises owner, OPC, as alleged in the Fifth Amended Complaint.

## FOURTH DEFENSE

To the extent that all or part of plaintiffs' claims which are the basis of this lawsuit have either been settled or adjudicated and, therefore, the doctrines of res judicata, collateral estoppel, payment and release, waiver, and accord and satisfaction bar plaintiffs' claims against this defendant.

### FIFTH DEFENSE

The Fifth Amended Complaint fails to state a claim against defendant upon which punitive damages may be based as applicable law does not permit recovery of punitive damages.

### SIXTH DEFENSE

The Fifth Amended Complaint is barred by the doctrine of laches.

### SEVENTH DEFENSE

To the extent the Fifth Amended Complaint sets forth a claim for successor liability, it fails to state a claim for which relief can be granted.

### EIGHTH DEFENSE

The Fifth Amended Complaint is barred by the applicable statute of limitations and/or statute of repose.

### NINTH DEFENSE

The Court lack jurisdiction over the subject matter of this action and/or is otherwise barred by the doctrine of forum non conveniens.

### TENTH DEFENSE

The Court lacks venue to consider this action.

### ELEVENTH DEFENSE

To the extent plaintiffs suffered from any of the injuries, diseases and damages alleged in the Fifth Amended Complaint, such injuries, diseases and damages were caused solely by the negligence and/or conduct of persons, firms and/or corporations other than defendant. Defendant cannot be held liable for the acts and/or omissions of such persons, firms and corporations.

### TWELFTH DEFENSE

The plaintiffs have failed to join feasible and necessary parties needed to afford a just adjudication of the causes of the action alleged in the Fifth Amended Complaint and have also

5

failed to allege the reasons why such parties have not been joined in this action, all as required by Rules 19(a) and (c) of the West Virginia Rules of Civil Procedure.

## THIRTEENTH DEFENSE

Plaintiffs were guilty of negligence proximately causing or contributing to the injuries and damages of which plaintiff complains, if any, and such contributory and/or comparative negligence bars the action of plaintiff.

## FOURTEENTH DEFENSE

Plaintiff assumed the risk of his injuries and/or damages, if any, and such assumption of risk bars the actions of plaintiffs.

## FIFTEENTH DEFENSE

Defendant denies that there exist any warranties, express or implied, between it and plaintiffs at the time and place described in the Fifth Amended Complaint.

## SIXTEENTH DEFENSE

Defendant alleges it has breached no warranty, express or implied, that may have existed between it and plaintiffs at the time and place described in the Fifth Amended Complaint.

## SEVENTEENTH DEFENSE

Defendant alleges there is no privity between it and the plaintiffs and such lack of privity bars the claim of plaintiffs.

## EIGHTEENTH DEFENSE

Defendant alleges that the injuries and illnesses alleged in Fifth Amended Complaint were proximately caused or proximately contributed to by a superseding and/or intervening cause or causes other than an act or omission on the part of defendant and, accordingly, recovery or relief against defendant is barred.

## NINETEENTH DEFENSE

The injuries and illnesses alleged Fifth Amended Complaint resulted from misuse, abnormal use and/or alteration of the products described in the Fifth Amended Complaint.

## TWENTIETH DEFENSE

Plaintiffs' Fifth Amended Complaint, to the extent that it seeks punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of West Virginia, and, therefore, fails to state a cause of action upon which punitive damages can be awarded.

## TWENTY-FIRST DEFENSE

Plaintiffs' Fifth Amended Complaint, to the extent it seeks punitive damages, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia, and violates the right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia and, therefore, fails to state a cause of action supporting the punitive damages claims.

## TWENTY-SECOND DEFENSE

Defendant alleges that if it is determined that plaintiffs were exposed to products containing asbestos, which products or components of these products were acquired from or sold by or on behalf of the United States of America, then defendant is entitled to any sovereign or governmental immunity available to the United States of America.

## TWENTY-THIRD DEFENSE

Defendant alleges that at all times material to plaintiffs' claims, the state of medical and scientific knowledge accorded defendant neither knowledge of nor reason to know of foreseeable risks of harm to plaintiffs.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred by application of the sophisticated user doctrine.

## TWENTY-FIFTH DEFENSE

The Fifth Amended Complaint is barred due to improper and/or insufficient service of process.

## TWENTY- SIXTH DEFENSE

The Fifth Amended Complaint fails to state a claim to the extent it asserts joint liability among defendants, inclusive of any claim for joint liability for punitive damages.

## TWENTY-SEVENTH DEFENSE

Defendant asserts its joinder in this action is improper under applicable law and therefore it should be dismissed.

## TWENTY-EIGHTH DEFENSE

Any right to recovery under the Fifth Amended Complaint is diminished commensurate with plaintiffs' failure to mitigate damages.

## TWENTY-NINTH DEFENSE

The Fifth Amended Complaint fails to state a claim as defendant owed no duty as plaintiff was an employee of an independent contractor.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred as the alleged unsafe condition, if any, was created by an independent contractor and therefore no liability exists.

## THIRTY-FIRST DEFENSE

Defendant reserves the right to assert any and/or all applicable affirmative defenses which discovery may reveal appropriate.

## THIRTY-SECOND DEFENSE

Defendant adopts and incorporates by reference all other defenses, affirmative or otherwise, stated by all other defendants but not specifically enumerated herein.

## ANSWER TO ALL CROSSCLAIMS

With respect to any CrossClaim which may have been filed against this defendant by any party to this action, OPC incorporates by reference as if set forth herein its Answer to the Fifth Amended Complaint and all defenses set forth therein. OPC further denies any allegation set forth by such CrossClaim, if any, as it fails to state a claim for which relief can be granted; and OPC prays this Court dismiss any CrossClaim and award it costs and such other relief as may be appropriate.

WHEREFORE, defendant prays that the Fifth Amended Complaint be dismissed and that it be awarded its costs in and about the defense of this action.

**OPC HEREBY REQUESTS A TRIAL BY JURY.**

Respectfully Submitted:

/s/ Jeffrey A. Grove
Of Counsel for Ohio Power Company

Jeffrey A. Grove, Esq. (#6065)
GROVE & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961
(304) 905-8628 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BARBARA E. AMICK, and
ELDON AMICK, her husband,

       Plaintiffs,

v.                                                 Civil Action No: 2:13-6593

OHIO POWER COMPANY, et al

       Defendants.

## CERTIFICATE OF SERVICE

On the 29th day of March, 2013, Counsel for Defendant Ohio Power Company, electronically filed the foregoing **ANSWER OF DEFENDANTOHIO POWER COMPANY TO PLAINTIFFS' FIFTH AMENDED COMPLAINT** with the Clerk of Court via the CM/ECF System, which will then send notification of said filing to the following counsel of record:

                             Carla Guttilla, Esq.
                             The Nemeroff Law Firm
                             55 Waugh Drive, Ste 850
                             Houston, TX 77007

                             Matthew A. Nelson, Esq.
                             Jackson Kelly, PLLC
                             500 Lee Street, East,
                             Suite 1600
                             Charleston, WV 25322

                             Robert H. Sweeney, Jr., Esq.
                             Jenkins Fenstermaker, PLLC
                             P O Box 2688
                             Huntington, WV 25726-2688

                                              /s/ Jeffrey A. Grove
                                              Of Counsel for Ohio Power Company

Jeffrey A. Grove, Esq. (#6065)
GROVE & DELK, PLLC
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961