IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Charleston Division)

| | | |
|---|---|---|
| BARBARA E. AMICK AND ELDON AMICK | * | |
| Plaintiff | * | CASE NO. 2:13-CV-06593 |
| | * | (West Virginia State Case No. 12-C-711-KAN in the Circuit Court of Kanawha County, West Virginia) |
| v. | * | |
| | * | |
| ALLIED GLOVE CORPORATION, et al. | | |
| | * | |
| Defendants | | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF"S MOTION TO STAY

AND NOW, COME the Plaintiffs, by and through their attorney of record, to file Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Stay.

### I. INTRODUCTION

By correspondence filed with the Court on May 8, 2013, Plaintiffs respectfully requested the Court consider addressing the matter of remand as a preliminary matter and stay the Rule 26(f) Conference and the response deadlines for the motions to dismiss until the remand issue is fully briefed and heard by this Court.[1] Some federal district courts have incorporated exactly such a rule into their local rules to avoid this exact dilemma.[2]

---

[1] *See*, Correspondence to Hon. Thomas E. Johnston, dated May 8, 2013, attached hereto as Exhibit "A";
[2] *See, e.g.,* MS R USDCT L.U. Civ. R. 16(b)(1)(B)("A motion to remand or a motion to refer an action to the bankruptcy court will stay the attorney conference and disclosure requirements and all discovery not relevant to the remand or referral issue and will stay the parties' obligation to make disclosures pending the court's ruling on the motions.").

1

## II. STATEMENT OF RELEVANT FACTS

On April 29, 2013, Plaintiffs' filed a Motion for Remand, index of exhibits, and tabbed supporting documents in the above-referenced matter (Document Number 12).[3] As outlined in their memorandum, Plaintiffs firmly believe Defendant Ohio Power Company's removal is so patently defective that it forms no sound basis for delaying the prosecution of the Plaintiffs' remaining claims in state court, which are currently set for trial in state court in approximately six months.

However, on May 2, 2013, Defendants Ohio Power Company and American Electric Power Company filed Motions to Dismiss based on their assertion this Court lacks personal jurisdiction over the matter (Documents #15-17).

As a result, Plaintiffs are filing the instant Motion to Stay to address a number of pending matters that may soon raise an issue of voluntary or discretionary waiver of Plaintiff's right to seek remand, including a Rule 26(f) Conference Defendants scheduled for Friday, May 10, 2013.

## III. ARGUMENT

As the Court is aware, under the doctrine of "voluntary" or "discretionary" waiver, certain affirmative acts by the Plaintiff may be construed by the courts as grounds for the Plaintiff having waived the right to remand.[4]

Pursuant to this doctrine, which has not been squarely addressed by the Fourth Circuit, the Motions to Dismiss filed by Ohio Power Company and American Electric Power Company place Plaintiffs with the Hobson's Choice of either not responding to these motions (and seeking relief from this Court) to avert any waiver arguments, or responding to the motions and risking

---

[3] Plaintiffs' hereby incorporate Plaintiffs' Motion to Remand, filed with this Court on April 29, 2013, as if fully restated herein.
[4] *See*, *Bedminster Financial Group, Ltd. v. Umami Sustainable Seafood, Inc.*, 2013 WL 1234958, *2-6, S.D.N.Y (2013);

2

discretionary waiver of his right to remand.

The former approach risks having the dispositive motions granted as unopposed, while the latter risk Defendants or the Court *sua sponte* deeming our response to be an affirmative act signifying consent to federal jurisdiction.

In addition, the same issue is raised by Plaintiff's participation in the Rule 26(f) Conference scheduled for this Friday, May 10, 2013.

Finally, Plaintiffs have a mere six months to prepare for the trial of this matter in state court and would like to seek discovery of Defendants, especially the newly-added Defendant Ohio Power Company, but doing so has been deemed by some courts to constitute voluntary or discretionary waiver.[5]

Although Plaintiffs believe their motion to remand serves as a clear expression of a refusal to submit to federal jurisdiction that negates any waiver arguments, Plaintiffs' are nonetheless compelled to highlight the corner in which Defendants place them. Counsel for American Electric Power Company, Inc., for example, has already expressed to me that they will not agree to forego any waiver arguments if we engage them in discovery, and I expect they will try to assert waiver if we participate in a Rule 26(f) Conference with them this Friday or respond to Defendants' dispositive motions to dismiss.[6]

Plaintiffs therefore move the Court to consider addressing the matter of remand as a preliminary matter and stay the Rule 26(f) Conference and response deadlines for the motions to

---

[5] *Midwestern Distribution, Inc. v. Paris Motor Freight Lines, Inc.*, 563 F.Supp. 489, 493 n. 8 (E.D.Ark.1983) ("If the non-removing party has taken significant action in the federal court, such as amending the complaint to assert new legal theories, requesting injunctive relief, filing a motion for summary judgment, or invoking the aid of the court to engage in extensive discovery, then it can be forcefully argued that it has essentially acquiesced to a disposition of the case by the federal court."); *Oil Tank Cleaning Corp. v. Reinauer Transp. Co.*, 149 F.Supp. 401, 402 (E.D.N.Y.1957) (noting that waiver "depends upon the benefit obtained ... during the period the action remained in the Federal Court or upon [an] attempt to obtain some advantage, or upon ... postponing the motion for remand until confronted with some disadvantage").

[6] *See*, Email Correspondence from Matt Nelson, Counsel for American Electric Power, Inc., dated May 6, 2013, attached to Exhibit "A"

dismiss until the remand issue is fully briefed and heard by this Court.[7] Some federal district courts have even incorporated exactly such a rule into their local rules to avoid this exact dilemma.[8]

## CONCLUSION

In light of the above, Plaintiffs respectfully request the Court GRANT Plaintiffs' Motion to Stay.

THE NEMEROFF LAW FIRM
A Professional Corporation

*/s/ Carla Guttilla*

Carla Guttilla, SBN: 10771
CarlaGuttilla@nemerofflaw.com
Christopher Norris (pro hac vice)
ChrisNorris@nemerofflaw.com
2626 Cole Ave., Suite 450
Dallas, Texas 75204
Tel: 214-774-2258
Fax: 214-393-7897

And

James A. McKowen
jmckowen@jfhumphreys.com
James F. Humpreys & Assoc. LC
500 Virginia Street East, Ste. 300
Charleston, WV 25301
Tel: 304-347-5050
Fax: 304-347-5055

Counsel for Plaintiffs

---

[7] Reply memorandum is due May 20, 2013;
[8] *See, e.g.,* MS R USDCT L.U.Civ.R. 16(b)(1)(B)("A motion to remand or a motion to refer an action to the bankruptcy court will stay the attorney conference and disclosure requirements and all discovery not relevant to the remand or referral issue and will stay the parties' obligation to make disclosures pending the court's ruling on the motions.").

5

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that on this 8th day of May, 2013 a copy of the foregoing Motion to Stay was served, via electronic filing and served upon all counsel of record.

*/s/ Carla Guttilla*
_____
Carla Guttilla, Esquire