IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**BARBARA E. AMICK, and**
**ELDON AMICK, her husband,**

    **Plaintiffs,**

v.                                        Case No.:  2:13-cv-06593

**OHIO POWER COMPANY, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is the Motion of Defendant Ohio Power Company ("OPC") to Compel. (ECF No. 46). Plaintiffs have filed a response in opposition to the motion, (ECF No. 50), and OPC has filed a reply memorandum. (ECF No. 52). The issues are clear; therefore, oral argument is unnecessary, and this matter is ready for disposition. For the reasons that follow, the Court **GRANTS** OPC's motion as set forth herein.

**I.    Relevant Facts**

    This action arises from the asbestos-related death of Barbara Amick. According to Plaintiffs, Eldon Amick worked as a bookkeeper for American Gas & Electric at OPC's Muskingum River Power Plant in 1953 and 1954, where he was exposed to asbestos, which deposited on his clothing. (ECF No. 50 at 3). His wife, Barbara Amick, allegedly inhaled asbestos fibers in the course of laundering her husband's clothes. Mrs. Amick eventually developed mesothelioma from her exposure to the asbestos

1

fibers and ultimately died from that condition.

Plaintiffs initially filed their complaint in West Virginia state court and subsequently resolved their claims against all of the defendants, except OPC and American Electric Power Co. (*Id.*). OPC then removed the case to federal court.

OPC served Plaintiffs with discovery requests to which Plaintiffs served responses. Currently at issue are four interrogatories. Interrogatory No. 15 seeks the identities of manufacturers and suppliers of asbestos-containing products that Plaintiffs claim allegedly caused or contributed to their injuries. Interrogatory No. 19 asks for the identity of each contractor using asbestos-related products that worked at the Muskingum Power Plant during the relevant time frame. Interrogatory Nos. 16 and 20 inquire about settlement agreements between Plaintiffs and any of these manufacturers, suppliers, and contractors, including the amount of any settlement and whether the settlement agreements also released OPC from liability. (ECF No. 50-1 at 8-9).

Plaintiffs object to identifying the manufacturers, suppliers, and contractors on the ground that the requests are overly broad and unduly burdensome. They also object to providing information regarding settlement agreements on the basis that such information is irrelevant until and unless there is a verdict in favor of Plaintiffs. Plaintiffs further state that the settlement agreements are subject to confidentiality clauses, which prevent them from disclosing the requested information. (*Id.*).

## II. Relevant Law

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and

location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Although the Federal Rules of Civil Procedure do not define what is "relevant," Rule 26(b)(1) makes clear that relevancy in discovery is broader than relevancy for purposes of admissibility at trial.[1] *Caton v. Green Tree Services, LLC,* Case No. 3:06-cv-75, 2007 WL 2220281 (N.D.W.Va. Aug. 2, 2007) (the "test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence"); *Carr v. Double T Diner,* 272 F.R.D. 431, 433 (D.Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). The party resisting discovery, not the party moving to compel discovery, bears the burden of persuasion. *See Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243–44 (M.D.N.C. 2010)(citing *Wagner v. St. Paul Fire & Marine Ins. Co.,* 238 F.R.D. 418, 424–25 (N.D.W.Va. 2006). When a party objects to discovery on the grounds of burdensomeness and oppression, it must do more to meet its burden than make conclusory and unsubstantiated allegations. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence

---

[1] Under the Federal Rules of Evidence, relevant evidence is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' *Boykin Anchor Co., Inc. v. Wong,* Case No. 5:10-cv-591-FL, 2011 WL 5599283 at * 2 (E.D.N.C. Nov. 17, 2011) (*citing United Oil Co., v. Parts Assocs., Inc,* 227 F.R.D. 404. 409 (D.Md. 2005)).

revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D.Fla. 2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.").

In the case of confidential settlement agreements, some courts have recognized a "settlement privilege" that protects the agreements from disclosure. Others courts have required a "particularized showing that admissible evidence will be generated" before allowing discovery of a confidential settlement agreement. *See USAA Cas. Ins. Co. V. Smith,* Case No. 1:10-cv-115, 2012 WL 967368 (N.D.W.Va. Mar. 21, 2012). In contrast, courts in the Fourth Circuit have generally declined to recognize a federal settlement privilege. *National Union Fire Ins. Co. of Pittsburgh, PA v. Porter Hayden Co.,* Case No. CCB-03-3408, 2012 WL 628493 (D.Md. Feb. 24, 2012) (citing *Equal Rights Ctr. V. Archstone-Smith Trust,* 251 F.R.D. 168, 170 (D.Md. 2008)). Moreover, when determining whether a settlement agreement is producible in discovery, courts in this circuit have found that "*relevance* not *admissibility,* is the appropriate inquiry." *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab.,* 171 F.R.D. 179, 181 (D.Md. 1997) (emphasis in original). Thus, a particularized showing related to potential admissibility of evidence is not necessary to justify production of a confidential settlement agreement.

### III. Discussion

In regard to Interrogatory Nos. 15 and 19, Plaintiffs offer no persuasive argument in response to OPC's motion to compel. These interrogatories request basic information regarding other entities known to Plaintiffs that may be responsible for their alleged injuries; information which is unequivocally relevant to the claims and defenses of the parties. Moreover, Plaintiffs provide no basis for their "overly broad and burdensome" objection, except to state that OPC can examine its own documents for the answers. "The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party. The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable." *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 245 (N.D.W.Va. 1970) (citing 2A Barron & Holtzoff, Federal Practice and Procedure, § 766, pages 299–300 (1961)). Therefore, Plaintiffs are hereby **ORDERED** to fully respond to Interrogatory Nos. 15 and 19 within **ten (10) days** of the date of this Order.

Interrogatory Nos. 16 and 20 request limited information regarding the terms of any settlement agreements entered into between Plaintiffs and the entities identified in response to Interrogatory Nos. 15 and 19. Plaintiffs contend that this information is irrelevant because under West Virginia law, Plaintiffs' good faith settlement with OPC's joint tortfeasors extinguishes OPC's claims for contribution. In addition, Plaintiffs argue that their claims against OPC are limited to fault-based theories of negligence and premises liability. Consequently, OPC cannot seek implied indemnification from any settling entity. As a result, the terms of the settlement

5

agreements can have no bearing on the issues in dispute.

In response, OPC points out that it may have a right of contribution from entities that were dismissed without payment and may have *contractual* indemnity claims against other dismissed entities. Accordingly, OPC is entitled to know which entities have made settlement payments, and which have been dismissed without payment. OPC adds that this information should also shed light on the particular products that Plaintiffs believe are most responsible for their injuries, allowing OPC to focus its defense. OPC indicates a willingness to withhold its request for the amount of each settlement at this time, but argues that it requires a "basic level of information to facilitate its consideration of matters important to its defense, including joinder of parties to enforce its rights."

Having weighed the positions of the parties, the undersigned agrees with OPC that the information sought is relevant and is not privileged. OPC is entitled to know which entities have settled and which have been dismissed without payment, as this information may alter the defense offered by OPC and clarify its rights, if any, to contribution, implied indemnity, or contractual indemnity. Although Plaintiffs argue that they are required by the written agreements to keep the terms of any settlement confidential, Plaintiffs also supplied language from the agreements that explicitly permits disclosure pursuant to court order. Therefore, within **ten (10) days**, Plaintiffs are **ORDERED** to supply OPC with the name of each entity identified in response to Interrogatory Nos. 15 and 19 that (1) made a monetary settlement in consideration for dismissal and/or release of claims; or (2) was dismissed and/or released without making a payment. In addition, for each entity that was dismissed or released from liability, Plaintiffs shall identify whether the entity obtained a release of claims that

included claims against OPC. Plaintiffs are not required to provide the amount of any settlement at this time.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** December 18, 2013

_____
Cheryl A. Eifert
United States Magistrate Judge