## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ELDON AMICK, Individually and
as Personal Representative her of
the Estate of BARBARA E. AMICK,
deceased,

      Plaintiff,

v.                                        Case No.:  2:13-cv-06593

OHIO POWER COMPANY, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion for Protective Order of Defendant Ohio Power Company ("OPC"). (ECF No. 61). Plaintiff has filed a response in opposition to the motion, (ECF No. 67), and OPC has filed a reply memorandum. (ECF No. 69). The issues are clear; therefore, oral argument is unnecessary, and this matter is ready for disposition. As set forth below, the court **GRANTS, in part,** and **DENIES, in part,** OPC's motion.

### I.    Relevant Facts

This action arises from the asbestos-related death of Barbara Amick. According to Plaintiff, he worked as a bookkeeper for American Gas & Electric at OPC's Muskingum River Power Plant in 1953 and 1954, where he was exposed to asbestos that deposited on his clothing. (ECF No. 50 at 3). His wife, Barbara Amick, allegedly inhaled asbestos fibers in the course of laundering her husband's work clothes. Mrs. Amick eventually

1

developed mesothelioma from her exposure to asbestos fibers and died from that disease.

On December 9, 2013, Plaintiff filed a Notice of Deposition Duces Tecum seeking testimony from a corporate designee of OPC pursuant to Federal Rule of Civil Procedure 30(b)(6). (ECF No. 53). On January 7, 2014, OPC filed objections to certain topics of inquiry outlined in the Notice of Deposition. (ECF No. 60). After attempting, unsuccessfully, to resolve the parties' differences over the topics, OPC filed the instant Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c).

## II.    Discussion

Rule 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "While the Federal Rules of Civil Procedure do not define 'relevant information,' the Federal Rules of Evidence define it as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Boykin Anchor Co., Inc. v. Wong,* No. 5:10–CV–591–FL, 2011 WL 5599283, * 2 (E.D.N.C. November 17, 2011), *citing United Oil Co., v. Parts Assocs., Inc,* 227 F.R.D. 404, 409 (D.Md. 2005). Still, admissibility under the Federal Rules of Evidence is not the guideline for relevancy in the context of discovery. Relevancy in discovery is broad in scope, because "[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." *King v. Conde,* 121 F.R.D. 180, 194 (E.D.N.Y. 1988); *See also Carr v. Double T Diner,* 272 F.R.D.431, 433 (D.Md.) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). For purposes of discovery, then, information is relevant, and thus discoverable, if

it '"bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes. Therefore, courts broadly construe relevancy in the context of discovery." *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted).

Discovery that seeks relevant information may nevertheless be restricted or prohibited if necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Likewise, on motion or *sua sponte,* the court may limit the frequency and extent of discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The party opposing discovery has the obligation to submit evidence supporting its claims that the requests are unduly burdensome, oppressive, or improperly invasive. To prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan.

3

2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla.2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

OPC objects to the scope of seven topics of inquiry set forth in the notice of Rule 30(b)(6) deposition on the basis that the topics are not limited to the time frame before 1955, or otherwise seek irrelevant information. OPC argues that Plaintiff last worked at the power plant in question in 1954. As his complaint against OPC alleges negligence and premises liability related to his exposure to asbestos at that power plant, the corporate designee should only be required to prepare and provide testimony relating to the time period before 1955. According to OPC, discovery of information pertaining to the years after 1954 is not relevant to the claims and defenses, and is annoying, burdensome and oppressive. Although OPC has not supplied specific information supporting its claims of burdensomeness and oppression, the undersigned appreciates that preparing a corporate witness to testify regarding a variety of topics for a time span that covers eighty-four (84) years—rather than the twenty-four (24) years acceptable to OPC—undoubtedly increases the burdens on OPC.

In response, Plaintiff contends that lengthening the time frame applicable to the seven disputed topics is necessary in order for Plaintiff to obtain information highly relevant to his claims.  Plaintiff does not address the additional burdens that would be

placed on OPC in order to adequately prepare a corporate representative to discuss sixty additional years, but implies that the need for this information outweighs the difficulties to OPC in providing it.

The first two disputed topics, found at paragraphs 2 and 3 of the notice, request the names and addresses of all OPC[1] employees engaged in medicine, industrial hygiene, and safety since 1930, as well as information regarding the corporate structure, reporting responsibilities, hiring decisions, and retention of documents involving employees in these fields. Plaintiff asserts that this information will help him identify key employees who may have "historical knowledge" relevant to the period before 1955. The court finds that the anticipated benefits associated with the additional 60 years of information on these topics is far outweighed by the burden to OPC. It is probable that this data will be time-consuming to collect and will yield only minimally useful information. Therefore, OPC's motion for protective order is **GRANTED** in regard to the topics outlined in paragraphs 2 and 3. Plaintiff shall limit questioning on these two topics to the time period including 1930 through the end of 1954.

The next two topics, found at paragraphs 5 and 6 of the notice, request information regarding OPC's involvement or membership in various organizations and associations since 1930. OPC objects on the basis that Plaintiff has not limited the type of association or organization to those focusing on asbestos and has not confined the relevant time period to the years prior to 1955. Plaintiff has agreed to limit the time frame to 1930 through the end of 1954, but argues that it is entitled to know OPC's involvement in all trade organizations and associations given that some of the

---

[1] The notice of deposition asks for information regarding OPC "and its predecessors." (ECF No. 53). Thus, the court's reference to OPC herein is intended to include its predecessors.

organizations and associations may have issued materials relevant to the hazards of asbestos even though the organizations and associations were not specifically focused on or limited to asbestos-related issues. Plaintiff adds that OPC's knowledge of the risks associated with asbestos is central to Plaintiff's case; therefore, he should be allowed to conduct this discovery. The court agrees with Plaintiff, and **DENIES** OPC's motion for a protective order regarding the topics outlined in paragraphs 5 and 6 of the notice, with the caveat that the questioning be limited to the time frame of 1930 through the end of 1954.

The next two topics in dispute, located at paragraphs 9 and 19 of the notice of deposition, cover OPC's knowledge of the hazards of asbestos and its knowledge of asbestos substitutes. Again, these topics are not limited to the period before 1955. OPC claims that its knowledge regarding asbestos substitutes and the hazards of asbestos after 1954 is irrelevant, because Plaintiff was not exposed to asbestos at any OPC facility after 1954. In response, Plaintiff states that OPC, in defense of the claims against it, has represented that it was unaware of the hazards of asbestos until 1972. Accordingly, Plaintiff has the right to explore the veracity of that representation. Moreover, the undersigned notes that Plaintiff has made a claim in his complaint that OPC should have alerted Plaintiff and his wife of the dangers associated with asbestos when OPC learned of them, so that Plaintiff and his wife could receive medical monitoring.

Considering the arguments of the parties, the undersigned concludes that OPC's knowledge after 1954 is relevant to the claims and defenses in this case. However, no persuasive reason has been articulated as to how OPC's knowledge of dangers and substitutes is relevant for the period **after** 1972, when OPC concedes it learned of problems with asbestos. Accordingly, the court **GRANTS**, in part, and **DENIES**, in

part, OPC's motion for protective order regarding the topics outlined in paragraphs 9 and 19 of the notice of deposition. Plaintiff shall be permitted to explore these topics, but shall be limited to the years before 1973.

Finally, OPC objects to the topic contained in paragraph 20 of the notice of deposition, which asks for testimony regarding, "[w]hether it was foreseeable to the defendant and/or its predecessor that asbestos and/or asbestos-containing products would have to be removed and/or replaced in the ordinary course of maintenance and repair of its facility and related equipment, including, but not limited to, piping, turbines, boilers, valves, and pumps." OPC finds this topic objectionable because it seeks a legal conclusion as to whether or not something was "foreseeable." The undersigned agrees that the topic, as framed, is objectionable. Therefore, OPC's motion for protective order regarding paragraph 20 is **GRANTED.** Nonetheless, Plaintiff is free to ask factual questions relating to repairs, replacement, maintenance schedules, and the like.

It is so **ORDERED.**

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** February 5, 2014.

Cheryl A. Eifert
United States Magistrate Judge