IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BARBARA E. AMICK, et al.,

            Plaintiffs,

v.                                                      CIVIL ACTION NO.   2:13-cv-06593

ALLIED GLOVE CORPORATION, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' motion for leave to file an amended complaint (ECF 58), Defendant Ohio Power Company's ("OPC") motion to dismiss (ECF 15), and a motion to dismiss and motion for summary judgment filed in the Circuit Court of Kanawha County by Defendant American Electric Power Company, Inc. ("AEP"), which motions were attached to the notice of removal (ECF 1-1 at 227−40).   The Court considers each motion in turn.

A.   *Plaintiffs' Motion for Leave to File a "First Amended Complaint"*[1]

Plaintiffs seek leave to amend the Complaint in the following four ways:

    1. To substitute Eldon E. Amick ("Mr. Amick"), Barbara E. Amick's ("Mrs. Amick") surviving spouse, as personal representative of the estate of Mrs. Amick, and the party plaintiff in the stead of Mrs. Amick;

    2. To advance wrongful death claims seeking damages for the death of Mrs. Amick;

---

[1] The Court observes that this is the first time that Plaintiffs have sought to amend their Complaint *in this Court*.   At the time that this action was removed to federal court, however, the then-current Complaint was Plaintiff's Fifth Amended Complaint (ECF 1 at 8), and Plaintiff had filed a motion for leave to file a Sixth Amended Complaint which was still pending at the time of removal.   (ECF 1-1 at 225.)

    3. To state a new cause of action against AEP as Mr. Amick's employer, by successorship to American Gas & Electric;

    4. To accurately reflect the identity of the remaining defendants and the applicable remaining counts.

Plaintiffs previously moved in state court for leave to amend their complaint with respect to the first two above-listed changes, and that motion was still pending at the time that this action was removed to federal court. (ECF 58 at 1; ECF 1-1 at 225.) The last two above-listed changes are newly made in the instant motion.[2] (ECF 58 at 1.)

Federal Rule of Civil Procedure 15(a)(1) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ward Elec. Serv. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987); *Gladhill v. Gen. Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir. 1984).

---

[2] Plaintiffs did not file a memorandum of law with their motion, and their motion does not cite any authority in support of their proposed changes, nor does it identify record support for their assertion regarding having previously sought two of these proposed amendments in state court. The Court expects that future motions submitted by Plaintiffs will clearly identify the legal authority pursuant to which they move, as well as, where necessary, the record support for any factual or procedural assertions.

2

Additionally, Federal Rule of Civil Procedure 25(a) provides that in certain circumstances upon the death of a party a motion for substitution may be made by any party or by the decedent's successor or representative.

Here, with respect to the wrongful death claims and new cause of action against AEP, the Court observes that neither OPC nor AEP have objected to Plaintiff's motion for leave to file an amended complaint. Moreover, in their recently-filed motions for summary judgment and accompanying memoranda of law, both OPC and AEP have addressed Plaintiffs' proposed First Amended Complaint. (ECF 73; ECF 75 at 8; ECF 77; ECF 78 at 2 n.1 & 27)

With respect to substituting Mr. Amick as personal representative of Mrs. Amick's estate, changing the names of the party plaintiffs to reflect Mrs. Amick's passing appears to be proper under Fed. R. Civ. P. 25, and, again, Defendants have not objected to the proposed change.

With respect to the other proposed changes, these amendments are not substantive and simply update the Fifth Amended Complaint that was removed to this Court to accurately reflect the parties and counts that still remain in this civil action.

For these reasons, the Court **GRANTS** the motion (ECF 58) for leave to file the First Amended Complaint.

B. *OPC's Motion to Dismiss*

OPC moves to dismiss itself from this action pursuant to Fed. R. Civ. P. 12(b)(2). OPC argues that the Court lacks personal jurisdiction over it because it is an Ohio Corporation and all of the allegations against it concern exposure to asbestos that occurred, if at all, in Ohio, and do not otherwise concern any act or omission by OPC occurring in West Virginia. Therefore, OPC

argues, the exercise of jurisdiction is not authorized by West Virginia's long-arm statute. (ECF 16 at 2.) Plaintiffs did not respond to OPC's motion to dismiss.[3]

The plaintiff has the burden of proving personal jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (citations omitted). "Discovery and an evidentiary hearing are not required to resolve a motion under Rule 12(b)(2). Rather, the district court may address the question of personal jurisdiction as a preliminary matter, ruling solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint." *Hare v. Richie*, CIV. ELH-11-3488, 2012 WL 3773116, at *5 (D. Md. Aug. 29, 2012). "When . . . a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 697 (D. Md. 2012) (explaining that if a district "rules on the motion [to dismiss under Fed. R. Civ. P. 12(b)(2)] without conducting an evidentiary hearing and relies solely on the basis of the pleadings, allegations in the complaint, motion papers, affidavits, and discovery materials, the plaintiff need only make a prima facie showing of personal jurisdiction") (quotations and citation omitted). In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff. *Carefirst*, 334 F.3d at 396 (citation omitted).

---

[3] Shortly after this case was removed, Plaintiffs filed a letter with the Court expressing concern about whether responding to the motion to dismiss might risk discretionary waiver of their right to remand. (ECF 18.) After Plaintiff's motion to remand was denied (ECF 34), however, Plaintiff did not at any time respond or seek leave to respond to OPC's motion to dismiss.

For a district court sitting in diversity to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Carefirst*, 334 F.3d at 396 (citation omitted).

Here, OPC does not challenge due process, but rather only asserts that the West Virginia long-arm statutes do not allow for the exercise of jurisdiction. (ECF 16 at 5.)

West Virginia's long-arm statute is codified at W. Va. Code § 56-3-33, and § 31D-15-1501 provides further provisions specific to non-resident foreign corporations. Because Plaintiffs did not respond to OPC's motion to dismiss, it is not clear under what theory of personal jurisdiction they seek to proceed, nor on what section of West Virginia's long-arm statute they rely.[4] Based on the allegations in both the removed Fifth Amended Complaint and the proposed First Amended Complaint, Plaintiffs presumably rely on W. Va. Code § 56-3-33(a)(4), which section provides that personal jurisdiction may be found if the cause of action arises from the non-resident defendant:

---

[4] The Court will not presume that Plaintiffs argue that OPC has consented to personal jurisdiction. *See Guthrie v. Flanagan*, CIV. A. 3:07CV479, 2007 WL 4224722, at *3 (E.D. Va. Nov. 27, 2007) (explaining that the requirement of personal jurisdiction can be waived where conduct in litigation demonstrates consent to a court's jurisdiction, even where a party has made a timely objection). For one thing, removal to federal court does not necessarily constitute a consent to personal jurisdiction. *See Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347−48 (8th Cir. 1988) ("Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction."); *see also Rivera v. Bally's Park Place, Inc.*, 798 F. Supp. 2d 611, 615−16 (E.D. Pa. 2011) (collecting cases so holding). For another, nothing has been identified in the record of state court documents indicating that OPC made filings in state court prior to removal that would constitute a waiver of the objection of personal jurisdiction. *See Guthrie*, 2007 WL 4224722 at *3. Moreover, because Plaintiffs did not respond to OPC's motion to dismiss, the Court relies on the record available to it to ascertain Plaintiffs' position with respect to personal jurisdiction—which record, here, are the allegations that Plaintiffs have made in their Fifth Amended Complaint and proposed First Amended Complaint. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992) (explaining that a district court must "intelligently and carefully review the legitimacy of . . . an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party").

> [c]ausing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

This appears to be so because Plaintiffs assert in both their Fifth Amended Complaint which was attached to the notice of removal (ECF 1-1) and in their proposed First Amended Complaint (ECF 58) that Mrs. Amick "was exposed to asbestos in the State of West Virginia." Plaintiffs' theory of the case appears to be that Mrs. Amick was exposed in West Virginia to the work clothes of Mr. Amick, which clothes, Plaintiffs allege, were contaminated with asbestos dust from Mr. Amick's work at the Muskingum River Power Plant in Beverly, Ohio, which is owned by OPC. (ECF 1 at 13; ECF 58 at 5; ECF 16 at 2.) Although OPC is an Ohio corporation, it acknowledges that it transacts business in West Virginia. (ECF 16 at 2.) As such, OPC's motion ultimately turns on its contention that no portion of Plaintiffs' cause of action arose in West Virginia—that is, that Mrs. Amick did not live in West Virginia during the time period in which Mr. Amick worked at the Muskingum River Power Plant. (ECF 16 at 2.)

Plaintiffs' allegation regarding Mrs. Amick's exposure to asbestos as it relates to OPC veers towards the conclusory, but characterizing and crediting it in the light most favorable to Plaintiffs it may be sufficient to make a plausible prima facie showing of a basis for exercising personal jurisdiction over OPC. *See Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 5:09-CV-00467, 2012 WL 1112162, at *8 (S.D. W. Va. Mar. 30, 2012) (concluding that the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to jurisdictional pleading) (Johnston, J.).

6

More to the point, however, the materials put forward by OPC are not contrary to the exercise of personal jurisdiction over OPC, but, in fact, offer limited support for it.

In support of its motion to dismiss, OPC has provided two transcript pages from Mr. Amick's deposition. (ECF 15-1.) In this portion of his deposition, Mr. Amick indicated that during the period of time that he worked at the Muskingum River Power Plant he and Mrs. Amick lived for a portion of that time in West Virginia and then in Lowell, Ohio. (ECF 15-1 at 3.) Mr. Amick stated that they "probably" moved to Ohio in October 1953.[5] OPC notes that Plaintiffs allege that Mr. Amick worked at the Muskingum River Power Plant starting on an unspecified date in the fourth quarter of 1953 through the third quarter of 1954. (ECF 16 at 1.) Accordingly, OPC argues, Mr. Amick's statement proves that Plaintiffs' claims as they relate to OPC necessarily occurred, if at all, only in Ohio.

Contrary to OPC's contention, however, Mr. Amick affirmed that he and Mrs. Amick did in fact live in West Virginia during a period of time at which he worked at the Muskingum River Power Plant. Even to the extent that Mr. Amick indicates that they moved to Ohio "probably" in October of 1953, there is still a period of time, albeit small, during which Mr. Amick is alleged to have worked at the Muskingam River Power Plant (the fourth quarter of 1953, i.e., October to December) *and* the Amicks lived in West Virginia (up until sometime in "probably" October 1953). According to Plaintiffs' theory of the case, Mrs. Amick would, therefore, have been exposed to the work clothes of her husband *in West Virginia*, which clothes, Plaintiffs contend, were contaminated with asbestos dust from his work at the Muskingum River Power Plant.

---

[5] Although there is no indication in the transcript pages provided as to what year Mr. Amick is discussing, based on OPC's representations and information elsewhere in the record it appears that this discussion concerns October of 1953.

7

Resolving all disputed facts and making all reasonable inferences in favor of the plaintiff, such statements do not sufficiently demonstrate a lack of personal jurisdiction so as to rebut Plaintiffs' prima facie showing of personal jurisdiction—indeed they provide limited additional support for Plaintiffs' position. *See Carefirst*, 334 F.3d at 396; *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1351 (3d ed.) (West) (explaining that "the standard of proof [under Rule 12(b)(2)] may vary depending on the procedure used by the court in making its determination *and whether the defendant is successful in rebutting the plaintiff's initial showing*" and that a plaintiff "needs only make a prima facie showing when the district [court] restricts [its] review of the Rule 12(b)(2) motion solely to affidavits and other written evidence") (emphasis added).

This conclusion is further supported by the fact that in its motion for summary judgment OPC has attached a transcript of Mrs. Amick's deposition.[6] Therein, Mrs. Amick indicated that she recalled Mr. Amick working at the Muskingum River Power Plant from 1953 to 1954, and that when he started that job they were living on Gihon Road in Parkersburg, West Virginia. (ECF 77-3 at 7.)

In consideration of the foregoing, the Court concludes that Plaintiffs have made a prima facie showing of personal jurisdiction, and that OPC has not successfully rebutted that showing. Accordingly, OPC's motion to dismiss (ECF 15) is **DENIED**. This denial, however, is without prejudice to OPC again raising the issue of personal jurisdiction in the event that additional

---

[6] The Court observes that selected pages of Mrs. Amick's deposition were included in the notice of removal, and that in these portions of her deposition Mrs. Amick stated that she "grew up" in "Parkersburg, West Virginia" and "left the Parkersburg area" in 1970. (ECF 1 at 49−50.) Such statements, however, even considered in the light most favorable to Plaintiffs, are inconclusive with respect to where Mrs. Amick resided during the pertinent period of time for Plaintiffs' claims against OPC.

information has become or becomes available over the course of this action. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,* 416 F.3d 290, 294 n.5 (4th Cir. 2005) (observing that "[a] threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing") (citation omitted). The denial is also without prejudice to either party moving for additional jurisdictional discovery. *See Bistro of Kansas City, Mo., LLC v. Kansas City Live Block 125 Retail, LLC*, CIV.A. ELH-10-2726, 2011 WL 1063800, at *1 n.2 (D. Md. Mar. 18, 2011) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993)) (explaining that a district court may, in its discretion, permit limited discovery as to jurisdictional issues, but declining to do so where neither party had so requested).

## C. *AEP's Motion to Dismiss and Motion for Summary Judgment filed in State Court*

AEP previously filed a motion to dismiss and motion for summary judgment in the Circuit Court of Kanawha County, and these motions were both still pending when this action was removed to federal court. (ECF 1-1 at 227−40.) After removal, AEP filed a notice to bring these motions to the Court's attention. (ECF 17.)

Since filing that notice, however, AEP has filed a motion for summary judgment (ECF 73) consistent with the Court's Scheduling Order (ECF 35). A review of this motion indicates that it incorporates those arguments AEP previously raised in its motions to the Circuit Court of Kanawha County. The Court will, therefore, review all of the issues raised by AEP's motions in a subsequent Order considering AEP's recently-filed motion for summary judgment (ECF 73), consistent with the timeframes set forth in the Scheduling Order (ECF 35) and the Court's subsequent Order extending the deadlines for the parties to file response and reply briefs (ECF 83).

Accordingly, AEP's motion to dismiss and motion for summary judgment, which motions were included in the state court documents attached to the notice of removal (ECF 1-1 at 227−40) are **DENIED AS MOOT**.

D. *Conclusion*

For these reasons, the Court **GRANTS** Plaintiffs' motion for leave to file their "First Amended Complaint" [ECF 58], **DENIES** OPC's motion to dismiss [ECF 15], and **DENIES AS MOOT** AEP's motion to dismiss and motion for summary judgment, which motions were included in the state court documents attached to the notice of removal [ECF 1-1 at 227−40] and thereafter brought to the Court's attention by notice [ECF 17].

The Court further **DIRECTS** the Clerk to amend the caption in this case to properly reflect the remaining parties in this action.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER: March 17, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE