**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ELDON AMICK, individually and as
Personal representative of the estate of
BARBARA AMICK, deceased,

                    Plaintiffs,

v.                                  CIVIL ACTION NO.   2:13-cv-06593

AMERICAN ELECTRIC
POWER CO., INC., et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion [ECF 88] to voluntarily dismiss with prejudice all claims in this civil action as to the remaining defendants Ohio Power Company ("OPC") and American Electric Power Company ("AEP").

Both OPC [ECF 89] and AEP [ECF 90] have filed responses to Plaintiffs' motion and also join in the other's motion.   OPC indicates that it does not oppose Plaintiffs' motion so long as it is clear that the dismissal is "claim preclusive and forever bars any future claim against these defendants in any forum."   [ECF 89 at 2.]   Similarly, AEP does not oppose Plaintiffs' motion but "requests that any dismissal be one that precludes any future claim by Plaintiff against it in any forum."   [ECF 90 at 3.]   Both OPC and AEP submit that a dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is deemed to have such claim-preclusive effect.   They further indicate, however,

that to the extent that there is any question as to that claim-preclusive effect they oppose Plaintiffs'
motion.   Plaintiffs did not file a reply to either response.

Fed. R. Civ. P. 41(a)(2) provides that, except in situations provided for by Fed. R. Civ. P.
41(a)(1)(A) which are not relevant here, "an action may be dismissed at the plaintiff's request only
by court order, on terms that the court considers proper."   *See also Bragg v. Robertson*,
54 F. Supp. 2d 653, 660 (S.D. W. Va. 1999) (Haden, C.J.) (observing that Fed. R. Civ. P. 41(a)(2)
"is an appropriate mechanism only when a plaintiff seeks to dismiss an entire action as against a
defendant.").   "The purpose of [the rule] is freely to allow voluntary dismissals unless the parties
will be unfairly prejudiced . . . and [i]n considering a motion for voluntary dismissal, the district
court must focus primarily on protecting the interests of the defendant[s]."   *Davis v. USX Corp.,*
819 F.2d 1270, 1273 (4th Cir. 1987).   Unless the order states otherwise, a dismissal under Rule
41(a)(2) is without prejudice.   Fed. R. Civ. P. 41(a)(2).

"A plaintiff's motion under Rule 41(a)(2) for dismissal *without* prejudice should not be
denied absent substantial prejudice to the defendant."   *Andes v. Versant Corp.,* 788 F.2d 1033,
1036 (4th Cir. 1986) (emphasis added).   It is well established, however, that prejudice to the
defendant does not result from the prospect of a second lawsuit.   *See Vosburgh v. Indemnity Ins.*
*Co. of North America,* 217 F.R.D. 384, 386 (S.D. W. Va. Sep. 12, 2003); *see also Valentine v.*
*Sugar Rock, Inc.*, 1:10CV193, 2012 WL 4320850, at *2 (N.D. W. Va. Sept. 18, 2012) (noting
same); *Carter v. Mauller*, 5:11-CV-00626, 2012 WL 3597370, at *1 (S.D. W. Va. Aug. 20, 2012)
(same).   In considering whether or not a defendant will suffer actual legal prejudice from a
dismissal without prejudice under Rule 41(a)(2), the following factors are relevant, but
non-dispositive: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive

delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Vosburgh*, 217 F.R.D. at 386; *see also Gross v. Spies*, 133 F.3d 914, at *5 (4th Cir. 1998) (unpublished) (noting same factors).

When a plaintiff moves to voluntarily dismiss his action *with* prejudice, however, district courts generally appear to have concluded that such motions should be granted absent prejudice to a third party, evidence of collusion, an imminent decision on the merits, or other extraordinary circumstances.[1] *See, e.g.*, *Sullivan School Associates, LP v. Town of Berwick,* No. 2:12–cv–00157–NT, 2012 WL 3238100, at *1 (D. Me. Aug. 7, 2012) (noting that when a plaintiff seeks to dismiss with prejudice, granting the motion is "generally appropriate, unless a third-party would be unduly prejudiced by the dismissal . . . ."); *Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 740 (E.D.N.C. 1996) ("[A] motion for voluntary dismissal with prejudice should be granted absent evidence of collusion, an imminent decision on the merits, or other extraordinary circumstances."); *see also ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66, 70 (1st Cir. 2006) (noting plaintiff's argument that "the court *has* to allow a plaintiff to dismiss its claim if it agrees to do so with prejudice, the theory being that the plaintiff should not be forced to go on if the adversary is fully protected," but concluding that although the Court "might share this view if no other interests were involved, . . . as other cases make clear, a third-party intervenor's interests

---

[1] The Court observes that some district courts appear to have concluded that where a plaintiff's Rule 41(a)(2) motion specifically requests dismissal *with* prejudice the court *must* grant that request. *See, e.g.*, *C-Tech Corp. v. Aversion Technologies*, CIV.A. DKC 11-0983, 2012 WL 3962508, at *2–3 (D. Md. Sept. 7, 2012) (granting plaintiff's Rule 41(a)(2) motion "[b]ecause district courts ordinarily 'must' grant a plaintiff's request for voluntary dismissal with prejudice and because Defendants here have not offered any argument that such a dismissal would prejudice their rights"); *Puello v. Citifinancial Servs., Inc.*, 76 Fed. R. Serv. 3d 536, at *2–3 (D. Mass. 2010) (collecting cases in which district courts "have taken a bright-line approach that grants voluntary motions to dismiss where . . . a plaintiff moves to dismiss his claims with prejudice"). The Court need not reach the question of whether dismissal is mandatory, however, because the Court concludes that dismissal with prejudice is also proper under the discretion-permitting standards discussed above.

should also be considered.").  This is likely so because a dismissal with prejudice "is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties."  *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991) (citation and quotations omitted).

Here, Plaintiffs offer no argument and cite no authority beyond Rule 41(a)(2) in support of their motion to voluntarily dismiss this case with prejudice.  Nonetheless, the Court finds no reason for Plaintiffs' motion to be denied.  There is no assertion of prejudice to a third party or inappropriate collusion, and Plaintiffs' motion was filed before the pending motions for summary judgment became ripe so a decision on those motions was not imminent.  No other extraordinary circumstances are apparent to the Court, nor have any been asserted by OPC or AEP.  *See also Shepard v. Egan,* 767 F. Supp. 1158, 1165 (D. Mass. 1990) ("[I]t is difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice.").

Additionally, to the extent that the factors relevant to evaluating a motion to voluntary dismiss *without* prejudice are also relevant to evaluating a motion to voluntary dismiss *with* prejudice, those factors likewise do not suggest that OPC or AEP will suffer actual legal prejudice. *See Allen on Behalf of Glens Falls Bldg. & Const. Trades Council v. Indeck Corinth Ltd. P'ship*, 161 F.R.D. 233, 236 (N.D.N.Y. 1995) (noting that the factors for evaluating whether to grant a Rule 41(a)(2) motion *without* prejudice are also relevant to a decision whether to grant the moving plaintiffs a dismissal *with* prejudice).  This is principally so because the only argument raised by OPC and AEP against dismissal is the possibility of future litigation.  As noted above, however, prejudice to the defendant sufficient to defeat a plaintiff's motion to voluntarily dismiss his or her

4

action does not result merely from the prospect of a second lawsuit.   *See Vosburgh*, 217 F.R.D. at 386.   If the potential of a future action is an insufficient reason to deny a plaintiff's motion to voluntarily dismiss his or her action *without* prejudice, it is undoubtedly an insufficient basis on which to deny a voluntary motion to dismiss *with* prejudice.

Of course, because Plaintiffs seek to dismiss this action *with* prejudice, there should not be any future litigation on the claims asserted in this case against OPC and AEP.   As Defendants acknowledge [ECF 89 at 2−3; ECF 90 at 3], the weight of authority appears to hold that a dismissal *with* prejudice under Rule 41(a)(2) is deemed to be on the merits and precludes further litigation on such claims.   *See, e.g.*, *Harrison*, 924 F.2d at 534 ("A voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is a complete adjudication on the merits of the dismissed claim.") (citing *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.   An adjudication in favor of the defendants, by court or jury, can rise no higher than this.")); *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987) ("[A] voluntary dismissal with prejudice is a valid, final judgment on the merits"); *see also Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002) (observing that a district court's grant of a plaintiff's motion to voluntary dismiss with prejudice means that "the defendant will have obtained a judgment on the merits that vindicates his rights and precludes any future suit by the plaintiff"); *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) ("A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect."); *Puello v. Citifinancial Servs., Inc.*, 76 Fed. R. Serv. 3d 536 (D. Mass. 2010) (noting that a dismissal with prejudice "provides complete protection to the defendant" and that

"when a dismissal with prejudice is granted it does not harm the defendant . . . The defendant receives all that he would have received had the case been completed.") (citations and internal quotations omitted); *United States v. Estate of Rogers*, 1:97-CV-461, 2003 WL 21212749, at *4 (E.D. Tenn. Apr. 3, 2003) *aff'd sub nom. United States v. Alpha Med., Inc.*, 102 F. App'x 8 (6th Cir. 2004) (explaining that "[w]hen a plaintiff voluntarily dismisses a cause of action with prejudice, future litigation of that same cause of action is barred by the doctrine of *res judicata*" and collecting cases in which federal courts have recognized "that a plaintiff's voluntary dismissal of a complaint with prejudice pursuant to Fed. R. Civ. P. 41(a) gives the defendant the full relief to which the defendant is legally entitled and is tantamount to a judgment on the merits"); *F.D.I.C. v. Becker*, 166 F.R.D. 14, 15 (D. Md. 1996) ("The fact that [plaintiff] seeks dismissal *with* prejudice is of paramount importance.   Whenever a suit is dismissed without prejudice under Rule 41(a)(2), the defendant remains under the threat of another lawsuit.   But when that threat is removed by a dismissal with prejudice, any injustice to the defendant is significantly lessened."); *Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 740 (E.D.N.C. 1996) ("[A] voluntary dismissal with prejudice acts as an adjudication on the merits with full preclusive effect.   Winning a judgment on the merits usually precludes any legal prejudice.").

Nonetheless, OPC and AEP also express concern that a court might someday determine that a hypothetical future complaint filed by Plaintiffs and raising claims identical to those raised here is not in fact precluded by Plaintiffs' voluntary dismissal with prejudice of this civil action. OPC, however, offers only a cursory and speculative argument raising the specter of such of a future ruling—it has not addressed what law that future court would evaluate to determine the claim-preclusive effect of Plaintiffs' voluntary dismissal of this civil action nor identified anything

6

in that law that would counsel for or against the application of claim preclusion.  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001) (holding that for judgments in diversity cases, federal law incorporates the rules of preclusion of the state in which the court that rendered judgment in the prior suit sits); *id.* at 509; *see also Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) (noting same); *Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 273 F. App'x 256, 261 (4th Cir. 2008) (same); *see generally Davis v. Mound View Health Care, Inc.*, 640 S.E.2d 91, 95 (W. Va. 2006) (explaining that "[t]he specification as to whether a dismissal is with or without prejudice is significant" and that "[w]here a dismissal is *without* prejudice, our savings statute, W. Va. Code § 55–2–18, may be utilized to permit the re-filing [of an action]").  Questions of claim preclusion raise complicated and involved issues of law, and the Court declines to tackle such questions on so slender a reed of argument from the Defendants.

Moreover, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506−08 (2001), discussed in OPC's response, does not compel a contrary result.  In *Semtek*, a federal district court in California dismissed plaintiff's diversity jurisdiction lawsuit "on the merits and with prejudice" as barred by California's two-year statute of limitations.  *Id.* at 499.  The plaintiff then sued the same defendant in a new action in Maryland state court, where such claims were timely filed under Maryland's three-year statute of limitations.  *Id.* at 500.  The Maryland state court dismissed the plaintiff's action, however, based on the preclusive effect of the federal law of res judicata.  *Id.*  The Supreme Court disagreed, holding that for judgments in diversity cases federal law incorporates the rules of preclusion of the state in which the court that rendered judgment in the prior suit sits.  *Id.* at 508−09; *Taylor*, 553 U.S. at 891 n.4; *see also Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006) (discussing *Semtek*, 531 U.S. at 499−500, 508−09).

In so holding, and as relevant here, the Supreme Court explained that "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect . . . ." *Id.* at 502.   But as discussed above, *Semtek* concerned the claim-preclusive effect of a dismissal based on a state statute of limitations.   Here, in contrast, Plaintiffs have moved to voluntarily dismiss their entire action with prejudice against OPC and AEP.   Such a posture reaches far more directly to the substantive merits of this action, and counsels in favor of the dismissal's claim-preclusive effect.   *Compare Semtek*, 531 U.S. at 504 ("With regard to the claim-preclusion issue involved in the present case, for example, the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods.").

As such, to the extent that OPC and AEP have objected to Plaintiffs' motion to voluntarily dismiss this civil action, the Court rejects the defendants' objection.

For these reasons, Plaintiffs' motion [ECF 88] is **GRANTED** and it is **ORDERED** that Plaintiffs' First Amended Complaint [ECF 86] (and all claims against defendants OPC and AEP contained therein) is hereby **DISMISSED WITH PREJUDICE**.   In light of the history of this litigation as well as the concern for clarity expressed by OPC and AEP, however, the Court expressly notes that the terms upon which the Court considers voluntary dismissal proper are that the dismissal with prejudice is to have a claim-preclusive effect as to all claims raised by Plaintiffs against OPC and AEP in this civil action.   *See* Fed. R. Civ. P. 41(a)(2).

Plaintiffs further move that all costs be taxed to the party incurring the same, and Defendants have raised no objection to that request.   Accordingly, having no occasion to address

any different assignment of costs, it is further **ORDERED** that all costs be taxed to the party incurring the same.

Finally, in light of this disposition, the pending motions in this civil action, including AEP's supplemental motion for summary judgment [ECF 73], OPC's motion for summary judgment [ECF 77], OPC's motion to exclude expert testimony and request for a *Daubert* hearing [ECF 79], and OPC's two motions in limine [ECF 91; ECF 92] are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER:        July 29, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE